# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

JOHN S. ANDERSON v. CHELSEA J. ROCKWOOD.[1]

July 5, 1895.

Nos. 9381—(184).[2]

**Sufficiency of Evidence.**

Evidence *held* sufficient to justify the verdict.

**Judgment Assigned in Trust.**

The plaintiff purchased a judgment, and took an assignment of it in the name of defendant, under an agreement between himself and defendant that the defendant should hold it as trustee for plaintiff, and pay over the proceeds to him. Assuming, without deciding, that the fact that plaintiff's object in taking the assignment in defendant's name was to defraud his creditors would constitute a defense to ·an action to recover from defendant the proceeds of the judgment, it should have been specially· pleaded.

Appeal by defendant from an order of the district court for Hennepin county, Smith, J., denying a motion for a new trial, after a verdict for plaintiff. Affirmed.

*Robert S. Dawson*, for appellant.

*John H. Long*, for respondent.

MITCHELL, J. The plaintiff alleges that he purchased a judgment against one Mortimer, and took an assignment of it in the

[1] Reported in 63 N. W. 1023.  [2] See note on page iv., supra.

v. 62 M.—1

name of defendant, who was to hold it as his trustee, and, when collected, pay over the proceeds to him; that defendant has collected $640 on the judgment, which he has failed and refused to pay over. The defendant, in his answer, in effect admits plaintiff's ownership of the judgment, the assignment of it to him in trust, and the collection thereon by him of the $640, but he alleges that the agreement under which the judgment was assigned to him was that he was to hold it as security for a debt due from plaintiff to one Cullom, and that the money collected on it was, in accordance with this agreement, paid over to Cullom at plaintiff's direction. Plaintiff, in his reply, denies this.

The evidence was practically undisputed that defendant had paid over, or accounted for, the money to Cullom; and the only issue, under the testimony, was whether defendant had done so with the consent or by the authority of plaintiff. On the trial, defendant testified to his version of the transaction, in which he was corroborated by Cullom. On the other hand, plaintiff positively denied that there was any understanding that defendant was to hold the judgment as security for Cullom's benefit, or that he ever authorized or consented to defendant's paying the proceeds to Cullom. There was considerable evidence as to the relations of plaintiff, defendant, and Cullom to, and their dealings with, each other, tending more or less to corroborate or discredit the direct testimony of the respective parties; but none of this circumstantial evidence was by any means conclusive. The question was largely one of the credibility of the witnesses, and, whatever impressions the record may convey as to the preponderance of evidence, we find nothing to justify us in disturbing the verdict of the jury, approved, as it impliedly is, by the trial court. Evidence that, at the time of the assignment of the judgment, plaintiff was not indebted to Cullom, but that the latter was indebted to the former, was admissible as corroborative of plaintiff's version of the agreement between him and defendant.

It is further urged that plaintiff's object in taking the assignment of the judgment in defendant's name was to defraud his creditors. Assuming, without deciding, that this would have been a defense to this action, it should have been specially pleaded.

Order affirmed.